**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**RONALD MALLACOCCIO, JR. ,**

    **Plaintiff,**

**v.**                                                        **Case No: 5:13-cv-56-Oc-22PRL**

**CENTRAL FLORIDA FREEZER, INC.**

    **Defendant.**

## ORDER

This case has been referred to the undersigned for a determination regarding whether the case has settled and, if so, whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). The parties, however, have filed nothing more than a one-page Joint Stipulation of Voluntary Dismissal of Action With Prejudice (Doc. 32) and do not provide any further details whatsoever.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. Before approving an FLSA settlement, the court must review the settlement to determine if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over

issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

With respect to the attorneys' fees and costs, the Eleventh Circuit explained that the FLSA contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). When a settlement agreement includes an amount to be used to pay attorneys' fees and costs the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *Silva*, 307 F.App'x. 349. Generally, the Court will approve a settlement without separately considering the reasonableness of the fee to be paid to the plaintiff's attorney where the parties submit a proposed settlement that "makes full and adequate disclosure of the terms of settlement" and "represents that the plaintiff's attorney's fee was agreed upon separately without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Otherwise, as the Court in *Bonetti* further explained, where "the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." *Id.*

Accordingly, within 10 days of this Order, the parties are directed to file a notice advising the Court regarding whether this case has been settled. If the case has settled, the parties are also directed to file an executed copy of the settlement agreement (including the settlement amount, and amount of attorneys' fees), and, in accordance with the principles cited, any additional

information that the Court would require in order to make a determination regarding whether the settlement is fair and reasonable.

**DONE** and **ORDERED** in Ocala, Florida on October 22, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties